IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED
SEP 1 3 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| DANNY DANIEL,<br>   Petitioner,<br><br>VS.<br><br>THE STATE OF TEXAS,<br>   Respondent. | § § § § § § § § |

MISCELLANEOUS NO. B-02-019

## ORDER DISMISSING HABEAS PETITION

Pending before the Court is petitioner's handwritten, pro se motion titled "Habeas Corpus." The Court construes said motion as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court dismisses the petition for want of jurisdiction.

### I.  FACTS

Due to the brevity and inarticulateness of petitioner's motion, it is not possible to provide a clear rendition of the facts. It appears that petitioner is currently awaiting trial in a Texas state court. Petitioner avers that he was arrested on May 7, 2002 and has been in custody throughout the period preceding his filing of the instant motion on August 7, 2002. Petitioner requests this Court to grant him a writ of habeas corpus, thereby securing his release from incarceration while awaiting trial. As the basis for his petition, petitioner complains that the State of Texas has not tried him within the time mandated by a statute presumptively enacted pursuant to the Texas Constitution's guarantee of a speedy trial. See TEX. CODE CRIM. PROC. ANN. art 17.151, § 1(1) (Vernon Supp. 2002) (requiring release on bond or reduction of bail for felony defendants in custody if the state is not ready for trial within ninety days of commencement); TEX. CONST. art. I, § 10 ("In all criminal

prosecutions the accused shall have a speedy pubic trial by an impartial jury.").

## II. JURISDICTION

As the petition therefore precedes judgment in the state proceeding, jurisdiction is improper under 28 U.S.C. § 2254 and must be premised instead on 28 U.S.C. § 2241. See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987) (holding that pretrial habeas petitions of those in state custody awaiting trial on state charges are properly brought under § 2241 rather than § 2254 due to the latter's final judgment requirement). The only provision of 28 U.S.C. § 2241 that may be applicable in this case provides for habeas relief when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In order for the Court to have jurisdiction thereunder, petitioner's claim for relief must be based in federal law; a petition for habeas relief grounded solely in state law is jurisdictionally invalid in federal court. See Beazley v. Johnson, 242 F.3d 248, 261 (5th Cir. 2001), cert. denied, 122 S. Ct. 329 (2001) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982), for the proposition that when petitioners solely challenge state law "'they allege no deprivation of federal rights and may not obtain habeas relief'").

## III. ANALYSIS

Petitioner appears to ground his claim for habeas relief solely in Texas law. In the first paragraph of his petition, petitioner invokes a provision of the Texas Constitution that provides: "The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual." TEX. CONST. art. I, § 12. In an apparent reference back to this provision, petitioner writes in his second paragraph: "Petitioner was arrested on the 7th day of May in 2002 and has been in custody, the constitutional gaurnty [sic] and the

statutes enacted to implement it, is to protect the accused and undue length of time or prevent unreasonable delay." Petitioner then references an unspecified rule requiring commencement of trial within ninety days, which is presumably the aforesaid TEX CODE CRIM. PROC. ANN. art 17.151, § 1(1) (Vernon Supp. 2002), in conjunction with Rule 722(b) of the Uniform Rules of Criminal Procedure. See UNIF. R. CRIM PROC. 722(b) (calling for a defendant held in custody beyond a specified period of time but not yet tried to be released on defendant's promise to appear at trial). Finally, petitioner cites only two cases, both of which are state law decisions from jurisdictions other than Texas.

Pro se habeas corpus petitions are to be construed liberally. Guidroz v. Lynaugh, 852 F.2d 832, 834 (5th Cir. 1988). However, construction does not entail invention. There is simply nothing to suggest that petitioner is claiming that his detention by the State of Texas is in violation of the United States Constitution, United States laws, or United States treaties, as required by 28 U.S.C. § 2241. Moreover, even if petitioner were to assert the corresponding federal claim for violation of his right to a speedy trial under the Sixth Amendment of the U.S. Constitution, the Court would be constrained to deny such relief pursuant to the judicially-crafted exhaustion requirement for claims brought pursuant to 28 U.S.C. § 2241(c)(3). See Dickerson, 816 F.2d at 225-27 (recognizing that habeas relief posited on the Sixth Amendment's speedy trial guarantee is barred absent a showing of exhaustion of state remedies or special circumstances obviating the exhaustion requirement).

## IV. CONCLUSION

The petition is **DISMISSED** for want of jurisdiction.

DONE at Brownsville, Texas, this __13th__ day of __Sept._____, 2002.

_____
Andrew S. Hanen
United States District Judge